UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OAK FINANCIAL GROUP, INC.,

                Plaintiff,

      *v.*

INFINITY Q DIVERSIFIED ALPHA FUND, TRUST
FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL
MANAGEMENT LLC, CHRISTOPHER E.
KASHMERICK, JOHN C. CHRYSTAL, ALBERT J.
DIULIO, S.J., HARRY E. RESIS, RUSSELL B.
SIMON, STEVEN J. JENSEN, JAMES VELISSARIS,
LEONARD POTTER, SCOTT LINDELL, QASAR
DISTRIBUTORS, LLC, EISNERAMPER LLP,
BONDERMAN FAMILY LIMITED PARTNERSHIP,
LP, and INFINITY Q MANAGEMENT EQUITY, LLC,

                Defendants.
-------------------------------------------------------------------X

**ORDER**
21-CV-3249-MKB-SJB

**BULSARA, United States Magistrate Judge:**

The motion to extend the time to answer, (Mot. for Extension of Time to File Answer dated Aug. 13, 2021 ("Mot."), Dkt. No. 5), is denied. The parties have submitted a joint stipulation that indefinitely extends Defendants' time to answer (or move to dismiss). (Stipulation and Proposed Order Regarding Time to Respond to Compl. ("Stipulation"), attached to Mot., Dkt. No. 5). Though titled as a motion related to the answer, the substance of the request is for an indefinite stay of the case. Because the case is governed by the PSLRA, there is no discovery until any motion to dismiss is resolved, and staying the time to respond to the Complaint is a stay of the entire case. The proffered basis for a stay here is the presence of a state class action that the parties say—in a wholly conclusory fashion—involves the "same subject matter" and contains "overlapping claims and Defendants," as this case. (Mot. at 1). Nary another detail is provided.

While the parties ask the Court to ice this action while the State Court resolves a pending motion to dismiss, no details about the motion are provided (including when it was filed, by whom, at which claims it was directed, or by which Defendants). Thus, the Court has no basis to gauge how long this federal action would be stayed or to evaluate their conclusory assertions that "in the interests of efficiency and judicial economy" a stay is warranted. The conclusion is hardly forgone; a state securities class action is typically not the same as a federal action, and when the plaintiffs in the two suits are different, typically collateral estoppel or preclusion is not available as a defense. As discussed below, this federal case is not the same as the state action. And then there is reference to the other case pending in the Eastern District of New York. The parties refer to *Yang v. Trust for Advised Portfolios et al*, No. 21-CV-1047, in the same way as they do this and the state action, one that "involves the same subject matter as the Complaint" and contains "overlapping claims and Defendants." (Stipulation at 2). But that case has not been stayed, nor has there been a motion to stay (like this case, a discovery stay is in place, pursuant to the PSLRA). If this case duplicates the other case in this District, the question is not whether a stay is warranted, but why the case can be maintained at all, since a party may not maintain duplicative lawsuits in federal court (even if they can in state and federal court).

The parties appear to be unaware of the standards for a stay because they fail to address them.

> A motion to stay a federal court action such as this one in favor of an action pending in state court triggers very different considerations of comity between sovereigns and of judicial administration than those triggered by parallel federal litigation. It is well settled that a federal court may stay an action that is within its subject-matter jurisdiction in favor of a parallel matter pending in a state court only in truly exceptional circumstances.

2

*Malkan v. Mutua*, No. 12-CV-236, 2012 WL 4722688, at *3 (W.D.N.Y. Oct. 3, 2012); *see also First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors*, Inc., 862 F. Supp. 2d 170, 185 (E.D.N.Y. 2012) ("A district court deciding whether to stay or dismiss a federal proceeding that is parallel to one pending in a state court must consider six factors: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights."); *Shields v. Murdoch*, 891 F. Supp. 2d 567, 576 n.7 (S.D.N.Y. 2012) ("Although Defendants have requested a stay, and not abstention, the Second Circuit has 'rejected any distinction between a stay of federal litigation and an outright dismissal for the purposes of the [Colorado River ] exceptional circumstances test.'" (alteration in original) (quoting *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 n.1 (2d Cir. 1986))) (collecting cases). A stay of a federal case can only be entered in favor of a state action if they are parallel. "For two actions to be considered parallel, the parties in the actions need not be the same, but they must be substantially the same, litigating substantially the same issues in both actions." *Royal and Sun All. Ins. Co. of Can. v. Century Intern. Arms,* 466 F.3d 88, 94 (2d Cir. 2006). Failure to justify a stay under these standards—drawn from the Supreme Court's decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976)—is reversible error. *Aventura Techs. Inc. v. World of Residensea II Ltd.*, 646 F. App'x 92, 95–96 (2d Cir. 2016).

Relevant to this inquiry is the information the parties omit from their application. The Court examined the pleadings filed in New York state court. The state case is a class action; this case in federal court is not. (*Compare* Consolidated Compl. for Violations of the Securities Act of 1933 ("State Compl."), *In re Infinity Q Diversified Alpha Fund Securities Litigation*, No. 651295/2021, Dkt. No. 1 (N.Y. Sup Ct. Apr. 16, 2021), *with* Compl. dated June 8, 2021 ("Compl."), Dkt. No. 1). The state action asserts solely Securities Act of 1933 ("'33 Act") claims. (State Compl. ¶¶ 87–113). The present case involves '33 Act and Securities Exchange Act of 1934 ("'34 Act") claims, and state common law allegations. (Compl. ¶¶ 64–113). As such, a fully dispositive motion to dismiss in state court would only dispense with some, not all claims in this action (but not necessarily, because of lack of collateral estoppel effect, since the plaintiffs are different). The source of the alleged misrepresentation is far broader in this federal action than the state case (by virtue of alleging '34 Act claims and not just '33 Act claims based on a registration statement or prospectus). Again, this would make the federal case outlast any state case disposition. The time periods are also different: the state court action involves class members who purchased shares between February 2018 and February 2021, this case involves an institutional advisor's purchases from October 2015 to August 2020. (*Compare* State Compl. ¶ 1, *with* Compl. ¶ 1). These differences appear material and suggest a stay does not promote efficiency, but delays starting a case that will inevitably press forward. Perhaps there is reason to conclude otherwise, but the parties have certainly not provided this Court anything to warrant such a claim.

For these reasons, notwithstanding the parties' agreement, the Court declines to stay the proceedings. *Hashmi v. Etihad Airways P.J.S.C.*, No. 16-CV-4566, 2016 WL 11480703, at *2 (E.D.N.Y. Oct. 26, 2016) ("The Court declines to exercise its discretion

to stay the proceedings in this litigation for five to six months. Plaintiff's threadbare request, bereft of evidentiary support or substantive factual allegations, cannot meet the requisite showing of good cause. The Court refuses to halt this straightforward case in its entirety, little more than two months after plaintiff filed suit, on the basis of nothing other than vague assertions."), *aff'd*, 2016 WL 6916942, at *1–2 (Nov. 21, 2016); *see also Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 523 (2d Cir. 2001) ("[T]he decision whether to abstain on Colorado River grounds is committed to the district court's discretion[.]").

The Court directs Plaintiff to file proof of executed summonses by September 13, 2021. Failure to do so will result in dismissal of the case without prejudice for failing to serve the Complaint within 90 days as required by Rule 4(m). The Court extends Defendants' time to answer, move, or otherwise respond to the Complaint by 60 days beyond the time a response would otherwise be due. To the extent Defendants seek to move to dismiss (or extend the time in which they may do so), they may file a motion that seeks a time-limited extension that demonstrates good cause for the extension. Any extension or stay request premised on the state action will be denied. Any motion to dismiss practice must be initiated by following Chief Judge Brodie's Individual Practices.

SO ORDERED.

/s/ *Sanket J. Bulsara* August 20, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

5