# ROSENFELD & KAPLAN, L.L.P.
(A Limited Liability Partnership Including Professional Corporations)

Attorneys at Law
1180 Avenue of the Americas
Suite 1920
New York, New York 10036

WEBSITE: HTTP//WWW.ROSENFELDLAW.COM
E-MAIL: steve@rosenfeldlaw.com

TEL:(212) 682-1400
FAX:(212) 682-1100

December 22, 2021

**VIA ECF**
Hon. Frederic Block, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Oak Financial Group, Inc. v. Infinity Q Diversified Alpha Fund, et al.**
             **Civ Action No. 1:21-cv-03249-FB-MMH**

Dear Judge Block:

      We are counsel for the Oak Financial Group, Inc. ("Plaintiff") in the above-referenced action. We write jointly on behalf of Plaintiff and counsel for defendants Trust for Advised Portfolios ("TAP"), Christopher E. Kashmerick, Russell B. Simon, Steven J. Jensen, Infinity Q Capital Management LLC, Leonard Potter, Bonderman Family Limited Partnership, LP, John C. Chrystal, Albert J. DiUlio, S.J., Harry E. Resis, James Velissaris, Infinity Q Management Equity, LLC, Scott Lindell, Quasar Distributors, LLC, and EisnerAmper LLP (collectively, "Defendants") to provide a status update as directed by the Court's Order dated December 14, 2021 and to request on behalf of the Defendants, without objection from Plaintiff, that the Court enter an order extending Defendants' deadline to respond to the Complaint from January 10, 2022 to March 11, 2022.

**Status Update**

      On June 8, 2021, Plaintiff commenced this action by the filing of a Complaint against the Defendants. By Order dated August 20, 2021, Hon. Sanket J. Bulsara, U.S.M.J ordered that Plaintiff file proof of service of the Complaint by September 13, 2021, and further ordered that "Defendants' time to answer, move, or otherwise respond to the Complaint by 60 days beyond the time a response would otherwise be due." ECF No. 6. On September 12, 2021, each of the Defendants executed Waiver of the Service of Summons forms, which were e-filed on September 13, 2021. See ECF Nos. 7-21. By virtue of their executing the waiver forms, Defendants had sixty (60) days to answer the Complaint from September 12, 2021, as extended by an additional sixty (60) days as provided for in the Order of the Court dated August 20, 2021. By the parties' calculations, the Defendants' time to answer, move, or otherwise respond to the Complaint is currently January 10, 2022. All Defendants plan to move to dismiss.

Accordingly, and as set forth above, this case is in its early stages and there has been no failure to diligently prosecute this action.

**Status and Impact of Related Cases**

On October 17, 2021, this action was reassigned to Judge Block in accordance with the letter filed October 7, 2021 by counsel for defendants TAP, Christopher E. Kashmerick, Russell B. Simon, and Steven J. Jensen requesting a determination that this action is related to another action previously assigned to Judge Block, *Yang v. Trust for Advised Portfolios*, *et al.*, No. 1:21-cv-01047-FB-MMH ("*Yang*"). ECF No. 25. As explained further in the October 7, 2021 letter, *Yang* is an earlier-filed putative securities class action arising from the same facts as this case and asserting claims that overlap with those alleged in this action. Plaintiff here is a member of the putative class in *Yang*. This action is, in essence, an individual "opt out" case from *Yang* as well as another parallel putative class action pending in state court, *In re Infinity Q Div. Alpha Fund Secs. Litig.*, No. 651295/2021 (N.Y. Sup. Ct., Comm. Div. filed Feb. 24, 2021) (the "State Class Action").

The parties to *Yang* and the State Class Action are engaged in an ongoing mediation that, if successful, will conclude both of those actions on a class-wide basis. The parties to *Yang* and the State Class Action met for their first all-day mediation session with a respected JAMS mediator on December 17, 2021. The Plaintiff herein is not a party to the mediation, nor privy to any potential settlement terms. Given the number of parties involved, the parties did not reach a resolution on the first day, but settlement discussions are ongoing. To the extent that the parties reach a class-wide resolution that is judicially approved, and in the event that the Plaintiff, which has chosen to proceed independent of the putative class to date, does not opt out, the scope of further proceedings in this action will be substantially affected.

In light of the foregoing, the Defendants believe that it would be a waste of judicial and party resources for the Defendants to file motions to dismiss while the mediation of *Yang* and the State Class Action is ongoing. Defendants believe that the threat of wasting party resources is particularly acute here because this action concerns a mutual fund that has ceased regular business activities, liquidated its portfolio, and is in the process of distributing its net assets to shareholders. Defense costs incurred by TAP and the other defendants for whom TAP is advancing defense costs are expected to reduce the amount of net assets that can be distributed to shareholders, including Plaintiff. As such, it is the Defendants' position that it would be in the best interests of Plaintiff and other fund shareholders to minimize those costs while the parties to *Yang* and the State Class Action mediate. Accordingly, the Defendants respectfully request that the Court extend Defendants' deadline to answer or otherwise respond to the Complaint in this action until March 11, 2022 (60 days after Defendants' current deadline to respond to the Complaint). Plaintiff has no objection to this request.

Thank you in advance for your consideration of this request.

Respectfully,

Steven M. Kaplan

SMK/aj

Cc: Counsel for Defendants (via e-mail)