# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

|  |  |
|---|---|
| In re INFINITY Q DIVERSIFIED ALPHA FUND SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> The Consolidated Action | Index No. 651295/2021 <br><br> <u>CLASS ACTION</u> <br><br> Part 53: Justice Andrew S. Borrok |
| DOMINUS MULTIMANAGER FUND, LTD., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INFINITY Q CAPITAL MANAGEMENT LLC, et al., <br><br> Defendants. | Index No. 652906/2022 <br><br> <u>CLASS ACTION</u> <br><br> Part 53: Justice Andrew S. Borrok |

EXHIBIT A
ORDER PRELIMINARILY APPROVING SETTLEMENT
<u>AND PROVIDING NOTICE</u>

WHEREAS, on September 7, 2022, the settling parties to the above-captioned actions (the "State Action"), together with the settling parties in *In re Infinity Q Diversified Alpha Fund and Infinity Q Volatility Alpha Fund Securities Litigation* (formerly known as *Yang v. Trust for Advised Portfolios, et al.*), Case No. 1:21-cv-01047-FB-MMH (E.D.N.Y) (the "Federal Action") (the "State Action" and "Federal Action" together, the "Litigation") entered into an Amended Stipulation of Settlement (the "Stipulation"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal of the claims alleged in the Litigation; and the Court having read and considered the Stipulation and the accompanying documents; and the Settling Parties to the Stipulation having consented to the entry of this Order Preliminarily Approving Settlement and Providing Notice; and all capitalized terms used herein having the meanings defined in the Stipulation, unless otherwise defined;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily finds that the Settlement:

    (a) resulted from informed, extensive arm's-length negotiations, including two full-day mediation sessions among Lead Plaintiffs and Settling Defendants under the direction of a very experienced mediator, Robert A. Meyer, Esq. of JAMS; and

    (b) is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.

2. For purposes of Settlement only, and preliminarily, for purposes of this Order, the Litigation shall proceed as a class action, pursuant to CPLR §§ 901 and 902, on behalf of a Class consisting of all Persons or entities that either: (i) purchased or otherwise acquired Investor Shares in the Infinity Q Diversified Alpha Fund (the "Diversified Fund") (Ticker symbol IQDAX) and/or

NYSCEF DOC. NO. 177
Case 1:21-cv-03249-FB-MMH Document 49-1 Filed 10/26/22 Page 4 of 13 PageID #: 191
RECEIVED NYSCEF: 10/07/2022

Institutional Shares in the Diversified Fund (Ticker symbol IQDNX) (collectively, "Diversified Fund Shares") between February 22, 2016, and February 22, 2021, both dates inclusive (the "Class Period"); and/or (ii) invested through either the Infinity Q Volatility Alpha Fund, L.P. or the Infinity Q Volatility Alpha Offshore Fund, Ltd. (collectively, the "Volatility Fund," and, together with the Diversified Fund, the "Funds") during the Class Period. Excluded from the Class are: (i) Defendants in the Litigation; (ii) all officers, trustees, and directors of those Defendants; (iii) members of any individual Defendant's immediate families; (iv) any Defendant's legal representatives, heirs, successors, or assigns; and (v) any entity in which any of the foregoing excluded Persons has or had a controlling majority ownership interest. Also excluded from the Class is any Person who would otherwise be a Member of the Class, but who validly and timely requests exclusion in accordance with the requirements set by the Court.

3. For purposes of the Settlement only, and preliminarily, for purposes of this Order, Lead Plaintiffs are hereby certified as the Class Representatives, and Lead Counsel is appointed as Class Counsel.

4. A Settlement Hearing is hereby scheduled to be held before the Court, the Honorable Andrew S. Borrok, Supreme Court of New York, New York County at 60 Centre Street, Part 53, Courtroom 238, New York, New York 10007, on January 31, 2022, at 2:00 p.m., for the following purposes to:

    (a) determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (b) determine whether the Judgment, as provided under the Stipulation, should be entered;

(c) determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

(d) determine whether to grant final certification of a Class for purposes of the Settlement;

(e) consider Lead Plaintiffs' Counsel's Fee and Expense Application;

(f) consider Lead Plaintiffs' request for an award for its efforts in prosecuting the Litigation on behalf of the Class;

(g) consider any objections or opt-outs received by the Court; and

(h) rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve the Settlement, with such modifications as may be agreed to by the Settling Parties, with or without further notice to the Class and may adjourn or continue the Settlement Hearing without further notice to the Class. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Lead Plaintiffs' Counsel's Fee and Expense Application, and Lead Plaintiffs' request for an award for their representation of the Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

6. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release, and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively.

7. The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the Notice procedure in connection with the proposed Settlement, as well as the processing of Proofs of Claim and Release as more fully set forth below.

8. The Claims Administrator shall cause the Notice and Proof of Claim and Release, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of this Order, to all Class Members who can be identified with reasonable effort. Within ten (10) calendar days of this Order, for the purpose of identifying and giving notice to the Class: (a) TAP and U.S. Bancorp shall provide to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the account registration information of registered owners of Diversified Fund Shares during the Class Period; and, (b) the Volatility Fund and the IQCM Parties shall provide (or cause to provide) to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and contact information of owners of interests in the Volatility Fund during the Class Period. The Claims Administrator shall use such information solely to effectuate this Settlement and shall in all events keep the information confidential and shall not distribute the information to anyone. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms, intermediaries, custodians, and other Persons, who purchased or otherwise acquired Diversity Fund Shares or the securities of the Volatility Fund during the Class Period as record owners, but not as beneficial owners. Such nominee purchasers are directed, within fourteen (14) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator

confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.

9. The Claims Administrator shall cause the Summary Notice to be published once over a national newswire service, within ten (10) calendar days after the mailing of the Notice.

10. The Claims Administrator shall notify all Class Members of any changes of the Settlement Hearing by posting notice of the changes on www.InfinityQSecuritiesSettlement.com.

11. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court and serve on the Settling Parties proof of mailing of the Notice and Proof of Claim and Release and proof of publication of the Summary Notice.

12. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of New York law, due process, and all other applicable laws and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Class Members of their right to object to the proposed Settlement and to exclude themselves from the Class. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

13. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with the terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form contained in Exhibit A-2 attached hereto and as approved by the Court, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

(b) Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release timely within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein of the Released Claims, and the Final Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Lead Counsel may also, in their discretion, waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim and Release submitted. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or Settlement. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims

Administrator by reason of the decision to exercise such discretion whether to accept late-submitted or technically deficient claims.

(c) As part of the Proof of Claim and Release, each Class Member shall submit to the jurisdiction of the Court, with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

14. Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided and as set forth in the Notice. A Class Member wishing to make such request shall, no later than twenty-one (21) calendar days prior to the date set for the Settlement Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address, and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Class, and must be signed by such Person. Such Persons requesting exclusion are also directed to state the date(s), price(s), and number of Diversified Fund Shares or the securities of the Volatility Fund that they purchased during the Class Period. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Class Members requesting exclusion from the Class shall not submit a Proof of Claim and Release and shall not be entitled to receive any payment out of the Net Settlement Fund, as described in the Stipulation and Notice.

15. The Court will consider objections to the Settlement, Plan of Allocation, award to Lead Plaintiffs, and/or award of attorneys' fees and expenses. Any Class Member wanting to object must do so in writing in the manner and be postmarked by the deadline set forth below and in the Notice, and may also appear at the Settlement Hearing. To the extent any Class Member

wants to object, such objections and any supporting papers, accompanied by proof of Class membership, shall be filed in writing with the Supreme Court of the State of New York, County of New York: Commercial Division, 60 Centre Street, New York, NY 10007, and copies of all such papers served such that they are postmarked no later than January 10, 2022, which is twenty-one (21) calendar days prior to the Settlement Hearing, to each of the following: Thomas Laughlin, Scott+Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 17th Fl., New York, NY 10169, Samuel Rudman, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, (631) 367-1173, and Phillip Kim, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Fl., New York, NY 10016, on behalf of the Lead Plaintiffs and Class and to Settling Defendants' counsel: Morgan, Lewis & Bockius LLP, c/o Susan F. DiCicco, 101 Park Avenue, New York, NY 10178-0060; Duane Morris LLP, c/o James J. Coster, 230 Park Avenue, New York, NY 10178; Davis Wright Tremaine LLP, c/o James K. Goldfarb, 1251 Avenue of the Americas, 21st Floor, New York, NY 10020-1104; Faegre Drinker Biddle & Reath LLP, c/o William M. Connolly, One Logan Square, Suite 2000, Philadelphia, PA 19103-6996; Vedder Price, c/o Thomas P. Cimino, Jr., 222 North LaSalle Street, Chicago, Illinois 60601; Milbank LLP, c/o Sean M. Murphy, 55 Hudson Yards, New York, NY 10001; Arnold & Porter Kay Scholer LLP, c/o Veronica Callahan, 250 W. 55th Street, New York, NY 10001; Petrillo Klein & Boxer LLP, c/o Joshua Klein, 655 Third Avenue, 22nd Fl., New York, NY 10017. Persons who intend to object to the Settlement, Plan of Allocation, Fee and Expense Application, and/or Lead Plaintiffs' request for an award for representing the Class, and desire to present evidence at the Settlement Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. If an objector hires an attorney to represent them for the purposes of making an objection, the attorney must both effect service of a notice of appearance

on counsel listed above and file it with the Court by no later than 40 days before the Settlement Hearing. A Class Member who files a written objection does not have to appear at the Settlement Hearing for the Court to consider his/her/its objection. Any objection must establish the Class Member's membership in the Class and must identify any other settlements that the objector and their counsel have objected to. If the Class Member intends to appear at the Settlement Hearing, the Class Member shall identify any witnesses he/she/it may seek to call and exhibits intended to be offered at the Settlement Hearing in the papers served, as set forth above, no later than January 10, 2023. Any Class Member who does not make his/her/its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement set forth in the Stipulation, to the Plan of Allocation, and to any Fee and Expense Award to Lead Plaintiffs' Counsel and Lead Plaintiffs' request for payment, unless otherwise ordered by the Court.

16. Any Class Member who submits a request for exclusion may thereafter submit to the Claims Administrator and Lead Plaintiffs' Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than five (5) business days before the Settlement Hearing, in which event that Person will be included in the Class.

17. All papers in support of the Settlement, Plan of Allocation, and Fee and Expense Application by Lead Plaintiffs' Counsel and award to Lead Plaintiffs shall be filed thirty-five (35) calendar days prior to the date set for the Settlement Hearing. All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. The Claims Administrator, Settling Defendants' Counsel, and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendant Parties. Unless and until the Stipulation is terminated pursuant to its terms, all proceedings in the State Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court, and the Settling Parties are ordered and directed to use their best efforts to ensure that all other proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are also stayed and suspended until further order of the Court.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation and herein. In the event the Settlement is not approved by the Court, is terminated in accordance with the Stipulation or the Supplemental Agreement, or in the event the Judgment is reversed, vacated, or altered following any appeal taken therefrom or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund as of that time, except as provided for in the Stipulation.

22. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiffs or Settling Defendants elect to terminate the Settlement in accordance with the Stipulation or the Supplemental Agreement, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any Settling Party, and may not be introduced as evidence or referred to in the Litigation, or any action or proceeding by any Person for any purpose, and each Settling Party shall be restored to his, her, or its respective position as it existed on September 7, 2022.

23. Neither the Stipulation nor the terms of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission or concession by Settling Defendants of the truth of any of the allegations in the Litigation or of any liability, fault, or wrongdoing of any kind.

24. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: October 17, 2022

_____
THE HONORABLE ANDREW S. BORROK, J.S.C.